UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON ALLEN OLRICH,

                Plaintiff,

v.                                            Case No. 18-cv-1982-pp

KENOSHA COUNTY, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT NO. 17) AND REQUIRING HIM TO FILE A CERTIFIED TRUST ACCOUNT STATEMENT**

       The plaintiff filed this lawsuit in December 2018. Dkt. No. 1. He filed an amended complaint, dkt. no 10, then asked the court to strike the amended complaint, dkt. no. 13. The court granted the motion to strike and screened the original complaint. Dkt. No. 14. The court found that the plaintiff's claims were barred by the statute of limitations. Dkt. No. 14 at 7–8. The plaintiff filed a motion asking the court to reconsider its decision, dkt. no. 17, but on the same day he filed a notice of appeal, seeking to appeal to the Seventh Circuit, dkt. no. 18. Less than two weeks later, he filed a motion for leave to appeal without prepaying the appellate filing fee. Dkt. No. 24. The court denies the plaintiff's motion for reconsideration and orders him to file a certified six-month trust account statement so that it can rule on his motion to appeal without prepayment of the filing fee.

## I. Motion for Reconsideration (Dkt. No. 17)

Although the plaintiff does not cite a rule in support of his motion for reconsideration, there are two rules that parties generally use to ask courts to re-visit previous decisions. Fed. R. Civ. P. 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight days of the court entering judgment. Rule 60(b) allows a court to grant relief from a final judgment for a specific set of reasons, within a "reasonable time" after entry of judgment.

The plaintiff filed his motion thirteen days after the court entered judgment, so it was timely under Rule 59(e). "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff's motion does not present newly-discovered evidence. This means that, under Rule 59(e), he is entitled to relief only if he can demonstrate that the court's rulings constituted a manifest error of law. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff's complaint concerns a series of events that occurred in 2007. Dkt. No 1 at 4–7. The plaintiff sued Kenosha County, its sheriff's department, the sheriff and two deputies, claiming that sometime between February 13 and April 4, 2007, the deputies pulled over his car, told him he was under arrest and ordered him out of the car, handcuffed him and put him in the deputies' car, "stole" the plaintiff's car, took him to an interrogation room at the sheriff's department, denied his request for a phone call and a lawyer, used excessive force to get him to talk, and refused to release him unless he became a confidential informant. Id. at 4-5. The plaintiff asserted that he gave in and signed a contract to become a confidential informant, at which time the officers let him go. Id. at 5. The plaintiff claimed that when the deputies later were unable to contact him (he didn't want to be a confidential informant), the deputies "staked out his house" and arrested him when he pulled into the driveway. Id. He claimed that he was taken to the jail and again denied a lawyer. Id. at 6. The plaintiff alleged that he eventually spoke to a public defender, who told him there was nothing to be done. Id. He asserted that at a preliminary hearing, one of the deputies told the judge that the plaintiff had confessed; the plaintiff asserts that this was a lie. Id. The plaintiff discussed an "Other Actions Motion" and asking for some "Interrogation Tapes." Id.

In its July 30, 2019 order screening the complaint and dismissing it, the court determined that Wis. Stat. §893.53 provided the applicable statute of limitations for the offenses the plaintiff described. Dkt. No. 14 at 7 (citing *e.g.*, Gray v. Lacke, 885 F.2d 399, 409 (7th Cir. 1989)). Between 2007 and April

3

2018, that statute provided for a six-year limitations period; from April 18, 2018 on it provided for a three-year limitations period. Id. The court concluded that the plaintiff's claims "accrued" in 2007, because he knew as of the spring of 2007 that he'd been arrested, denied a lawyer, subjected to excessive force and coerced into signing an informant agreement. Id. at 8. The court noted that the public web site for the state court showed that the plaintiff's criminal case had concluded on December 5, 2007, and that he hadn't appealed it. Id. The plaintiff filed his federal complaint on December 14, 2018—five years too late if the six-year period applied, and eight years too late if the three-year period applied. Id.

Regarding the court's conclusion that the statute of limitations barred the plaintiff's claims arising out of the events of 2007, the plaintiff argues in the motion to reconsider that (1) he did not discover that his rights had been violated in 2007 because the defendants hid evidence from him, thus asserting that the case of action did not "accrue" until he found out about the violations, dkt. no. 17 at 1-2; (2) that the claims are not barred under the "continuing violation doctrine" because the defendants "were continuing in a pattern to hide documents and other evidence as long as they could of their wrongdoing," dkt. no. 17 at 2-3; and (3) that there are "clear" Fourth and Fourteenth Amendment claims that implicate conspiracy to violate his rights and then cover up the violations, dkt. no. 17 at 4.

The plaintiff's argument that he could not have discovered the alleged constitutional violations until later is without merit. He says that the

4

defendants hid documentary evidence of their wrongdoing and that he pursued his claims "as soon as he discovered he had been injured." The "discovery rule" says that tort actions "other than those already governed by a legislatively created discovery rule" "shall accrue on the date the injury is dicovered or with reasonable diligence could be discovered, whichever occurs first." Sands v. Menard, 372 Wis. 2d 126, 164 (Ct. App. 2016) (quoting Hansen v. A.H. Robins, Inc., 113 WIs. 2d 550, 560 (Wis. 1983)). The rule is designed to balance "the threat of stale or fraudulent actions against the injustice of barring meritorious claims before the claimant knows of the injury." Id. (quoting Dakin v. Marciniak, 280 Wis. 2d 491, 502 (Ct. App. 2005)). The discovery rule does not help the plaintiff. As of the end of December 2007, the plaintiff knew that he had been arrested, questioned, subjected to excessive force, denied a lawyer, coerced and re-arrested. He knew who had done those things. The fact that the plaintiff might not have had all the information he wanted to prove his allegations does not implicate the discovery rule; the discovery rule "is not a promise to suspend limitations until optimal litigation conditions are established." Dakin, 280 Wis. 2d at 506.

The plaintiff's argument that the "continuing violation doctrine" prevented his claims from being time-barred also fails. The continuing violation doctrine is "an exception" to the general rule that "'a cause of action accrues [for limitations purposes] when there exists a claim capable of enforcement, a suitable party against whom it may be enforced, and a party with a present right to enforce it.'" First National Bank v. Trewin, 376 Wis. 2d 527, at *5 (Ct.

5

App. 2017) (quoting <u>Pritzlaff v. Archdiocese of Milwaukee</u>, 194 Wis. 2d 302, 315 (Wis. 1995)). The continuing violation doctrine "applies when 'a tort involves a continued repeated injury.'" <u>Kovacs v. United States</u>, 614 F.3d 666, 676 (7th Cir. 2010) (quoting <u>Rodrigue v. Olin Employees Credit Union</u>, 406 F.3d 434, 442 (7th Cir. 2005)). It means that "'the limitation period does not begin until the date of the last injury or when the tortious act ceased.'" <u>Id.</u> However, the "doctrine . . . does not apply to a 'series of discrete acts, each of which is independently actionable, even if those acts form an overall pattern of wrongdoing.'" <u>Kovacs</u>, 614 F.3d at 676 (quoting <u>Rodrigue</u>, 406 F.3d at 443).

The complaint did not allege any ongoing or continuous wrongdoing. In the motion for reconsideration, the plaintiff asserts that the defendants engaged in a patter of wrongdoing by hiding "documents and other evidence as long as they could . . . ." Dkt. No. 17 at 2. Again, even if the court assumes that the defendants hid evidence from the plaintiff that would have supported his claim, that does not demonstrate that the violations alleged in the complaint were on-going. It might show that the defendants were trying to make it harder for the plaintiff to prove his allegations, but does not prove that he could not have filed the complaint within six years of May 2012.

Finally, the plaintiff has alleged that the defendants were involved in a conspiracy to violate his rights and to cover up those violations. Even if true, that fact does not explain why the plaintiff did not bring his lawsuit within six years (or three years) of the date he was arrested, questioned, allegedly

6

subjected to excessive force, allegedly interrogated and intimidated, released and allegedly re-arrested.

The plaintiff has not demonstrated that the court committed a manifest error of law or fact in concluding that his claims about the 2007 incident were barred by the statute of limitations.

## II. Motion for Leave to Appeal Without Prepaying Filing Fee (Dkt. No. 24)

Eleven days after filing his notice of appeal, the plaintiff filed a motion for leave to appeal without prepaying the entire appellate filing fee. Dkt. No. 24. Under the Prison Litigation Reform Act, a prisoner must pay the applicable filing fees in full for a civil case or appeal. 28 U.S.C. §1915(b). If a prisoner does not have the money to pay the $505.00 appeal fee in advance, he can request permission to proceed without prepayment. For the court to consider that request, the prisoner must complete a petition and affidavit and return it to the court, along with a certified copy of the prisoner's trust account statement showing transactions that took place during the six full months prior to the date he filed the notice of appeal. 28 U.S.C. §1915(a)(2). The plaintiff has not filed that trust account statement, which the court needs so that it can calculate the initial partial filing fee required by the statute.

The plaintiff filed his notice of appeal on August 12, 2019. The court needs a trust account statement for the months of February 2019 through July 2019. The court will give the plaintiff a deadline by which to file that trust account statement. If the plaintiff does not either file the trust account statement or file a request for an extension of time to do so by the deadline

below, the court will deny his motion to appeal without prepayment of the filing fee.

## III. Conclusion

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 17.

The court **ORDERS** that the plaintiff must provide the court with a certified six-month trust account statement for the months of February 2019 through July 2019 in time for the court to receive it by the end of the day on **March 20, 2020**. If the court does not receive the trust account statement or a request for more time to file that statement by the end of the day on March 20, 2020, the court will deny the plaintiff's motion to proceed without prepaying the filing fee.

Dated in Milwaukee, Wisconsin, this 26th day of February, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**